UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

MARTIN TONY SOLOMON #310631,

                Plaintiff,                            Case No. 2:07-cv-102

v.                                            Honorable R. Allan Edgar

PATRICIA CARUSO, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Martin Solomon, an inmate at the Bellamy Creek, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC Director Patricia Caruso, Warden Jeri-Ann Sherry, I. McDonald, Unknown Derusha, Resident Unit Officer J. Eberts, Resident Unit Officer Unknown Anderson, Resident Unit Officer Unknown Eicher, Resident Unit Officer E. Warner, Assistant Deputy Warden Mitch Perry, Resident Unit Officer Unknown Brown, Resident Unit Manager Unknown Mansfield, Assistant Resident Unit Supervisor T. Cory Spiker, Acting Assistant Resident Unit Supervisor Unknown Kinarz, Grievance Coordinator Jeff Case, Step III Grievance Coordinator Jim Armstrong, Resident Unit Officer Unknown McBryde, Resident Unit Officer T. Ross, Resident Unit Officer Unknown Bennett, Resident Unit Officer Unknown and LaCourseir.

Plaintiff alleges that he arrived at the Chippewa Correctional Facility (URF) on June 28, 2005, and was called to the property room.  At this point, an unknown officer confiscated Plaintiff's law books, Uniform Commercial Code (UCC), legal documents, and related materials. Plaintiff sent an informal complaint to Defendant Sherry regarding the confiscation.  On July 4, 2005, Plaintiff was reviewed on a Notice of Intent (NOI) by Sergeant Robinson, which indicated that the property was contraband and that Plaintiff had received a hearing on July 3, 2005.  Plaintiff explained to Robinson that he had not received a hearing as reported by Defendant McDonald in the NOI.  Plaintiff requested a hearing and the return of his property.  Robinson told Plaintiff that the UCC material was in fact contraband, and that it would not be returned regardless of any hearing.

- 2 -

Plaintiff requested a grievance and was told that if he pursued the issue, staff would write Plaintiff major misconduct tickets and harass him.

On July 4, 2005, Plaintiff filed a grievance on Defendants Sherry and McDonald, as well as Sergeant Robinson.  On July 29, 2005, Plaintiff was interviewed on the grievance by Defendant Perry, who showed Plaintiff a NOI indicating that the hearing occurred on July 13, 2005. Plaintiff argued that he had not received a hearing.  Defendant Perry then informed Plaintiff that because he insisted on accusing staff of falsifying documents, the interview was over.  On August 9, 2005, Plaintiff received his step I response, which indicated that the hearing date was a typographical error and that there was no negative impact on Plaintiff.  Plaintiff's step II appeal was denied on August 31, 2005, and his step III appeal was denied by Defendant Armstrong on March 3, 2006. Plaintiff then sent a letter complaining about the step III response to Defendant Armstrong, along with a copy of the NOI, but Plaintiff did not receive a response.

Plaintiff claims that since filing his step I grievance, he has been subjected to numerous falsified misconduct tickets by staff as the result of a conspiracy to retaliate against him for his use of the grievance system.  On July 19, 2005, Plaintiff was called to the Lime Unit Office to speak to Defendant Case.  When Plaintiff returned to the unit, he noticed that it was chow time, so he asked permission to report for chow.  Defendants Eberts, Kinarz, Spiker, and Mansfield told Plaintiff that he would not be allowed to go to chow because he had filed a grievance.  Plaintiff then filed a grievance on URF administration for initiating a retaliatory conspiracy against Plaintiff. Assistant Deputy Warden MacLaren and Defendant Mansfield denied Plaintiff's grievance on July 27, 2005, and Plaintiff's step II grievance was also denied.

On July 19, 2005, Defendant McBryde informed Plaintiff that since he liked to file grievances he was going to give Plaintiff a false misconduct for leaving his key in his cell.  On July 28, 2005, Plaintiff received three days top lock.  On July 29, 2005, Defendant Derusha retaliated against Plaintiff by filing a false misconduct on Plaintiff for being "out of place" by using the bathroom.  On August 5, 2005, Defendant Eberts falsified a misconduct on Plaintiff, telling him that this is what happens when prisoners file grievances.  On August 7, 2005, Defendant Warner conducted the misconduct hearing and informed Plaintiff that he was giving him four days top lock. Defendant Warner also told Plaintiff that he should stop writing grievances.  Plaintiff contends that Defendant Warner also falsified a misconduct on him, stating "you black ass grievance writing mother fucker, you will be on sanction for a long period of time."  Plaintiff complained to Defendant LaCourseir, who falsified his statement on a hearing report by saying that Plaintiff had left his key in the room.  Defendant LaCourseir told Plaintiff that he would dismiss the misconduct if Plaintiff stopped writing grievances.

Defendant Eicher falsified a misconduct report on Plaintiff for "major out of place" for using the bathroom.  When Plaintiff spoke to the hearings investigator, he was told that he needed to stop filing grievances.  Plaintiff told the hearing investigator that the Lime Unit cameras would show that Defendant Eicher had lied, but the hearing investigator stated that he would make sure that there was no video footage.  Plaintiff was found guilty of the misconduct.  On August 16, 2007, Defendant Anderson falsified a major misconduct on Plaintiff.  When Plaintiff asked what the misconduct ticket was for, Defendant Anderson stated, "your damn black ass writing them grievances."  Defendant Ross told Plaintiff that he could not use the bathroom because he liked to

- 4 -

file grievances and wrote a misconduct on Plaintiff for being out of place.  Plaintiff was found guilty of the major misconducts by Defendants Anderson and Ross.

Plaintiff alleges that he sent correspondence to the hearing investigator asking for a copy of the misconducts, to no avail.  Plaintiff subsequently filed several more grievances asserting retaliation, civil conspiracy, and inhumane treatment.  Plaintiff claims that Defendants violated his constitutional rights and seeks compensatory and punitive damages, as well as injunctive relief.

II.     Failure to state a claim

 A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In the opinion of the undersigned, Plaintiff's claims that he was convicted of false, retaliatory misconducts are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff claims that Defendants wrote false misconducts against him in retaliation for exercising, or threatening to exercise, his First Amendment rights to file grievances and law suits and that they conspired to make sure that he would be found guilty.  The Supreme Court has held that a claim for declaratory relief and monetary damages that necessarily implies the invalidity of the punishment

imposed, is not cognizable under § 1983 until the conviction has been overturned.  *Edwards v.*
*Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the
decisionmaker in a misconduct hearing).  The Court relied upon *Heck v. Humphrey*, 512 U.S. 477,
486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional
conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render
a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has
been [overturned]."  *Edwards*, 520 U.S. at 646 (emphasis in original).  As the Supreme Court
recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is
barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no
matter the target of the prisoner's suit (state conduct leading to conviction or internal prison
proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement
or its duration."  *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005).  Thus, where a prisoner's claim
of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of
good-time credits, his claim is not cognizable under § 1983.  *Id.*; *see also Bailey v. McCoy*, No.
98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions
applying *Edwards* to procedural due process challenges), *cert. denied*, 122 S. Ct. 1795 (2002).  *See
also Muhammad v. Close*, 540 U.S. 749 (2004) (holding that the *Heck-Edwards* bar applies to prison
misconduct challenges only when good-time credits are implicated).

        In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court clarified that
*Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action
may be filed only in cases where the duration of the prisoner's sentence is affected.  *See Johnson v.
Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004).  In other words, *Edwards*

still applies where a plaintiff has lost good time as the result of the misconduct conviction.  Under Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary conviction.  *See* Mich. Comp. Laws § 800.33.  In addition, the warden may order forfeiture of previously accumulated credits in cases.  *Id.*  Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction.  *See  Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

Plaintiff claims that he was falsely charged and convicted of various misconducts.  Plaintiff's claims necessarily imply the invalidity of his misconduct convictions. Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Misconduct Report is received.  Mich. Comp. Laws § 791.254; Policy Directive 03.03.105, ¶ DDD.  Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court.  *See* Mich. Comp. Laws  § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal).  If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[1]  Accordingly, because Plaintiff has not shown that his conviction has been invalidated, his claim is not presently cognizable.  He therefore fails to state a claim on which relief can be granted.  *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir.

---

[1]A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974).  A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts.  *See* 28 U.S.C. § 2254(b)(1).

Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

In addition, the undersigned notes that Plaintiff's claims against Defendants Caruso and Sherry appear to be properly dismissed for lack of personal involvement. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or

- 8 -

predictable.  *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992).  In addition, plaintiff must show that defendant had some duty or authority to act.  *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991).  In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability.  *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988).  Finally, supervisory liability claims cannot be based on simple negligence.  *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that  Defendants Caruso and Sherry were personally involved in the activity which forms the basis of his claim.   Defendants Caruso's and Sherry's only roles in this action involve the denial of administrative grievances or the failure to act.  Defendants cannot be liable for such conduct under § 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000).   Accordingly, the Court concludes that Plaintiff's claims against  Defendants Caruso and Sherry are properly dismissed for lack of personal involvement.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  August 14, 2007

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

- 10 -