UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARTIN TONY SOLOMON #310631,

    Plaintiff,   Case No. 2:07-cv-102

v.   Honorable R. Allan Edgar

PATRICIA CARUSO, et al.,

    Defendants.
_____/

**AMENDED**
**OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S**

**REPORT AND RECOMMENDATION**

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on August 14, 2007. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In his objections, Plaintiff contends that the Magistrate Judge erred in recommending dismissal of this action pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). Plaintiff states that he is not seeking to invalidate his misconduct convictions and that his misconduct convictions do not affect his sentence because he is serving under "Truth in Sentencing." However, under MCL 791.233(b) and (c), Michigan prisoners are required to serve the minimum term imposed by the court less an allowance for disciplinary credits. Therefore, Plaintiff's argument that his major misconduct convictions do not affect that length of his sentence are erroneous.

Plaintiff also claims that Defendant LaCourseir told him that he would dismiss one of the misconducts if Plaintiff stopped writing grievances. Plaintiff asserts that this claim is not barred by *Heck* because it does not implicate the validity of the misconduct conviction. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. In this situation, the only adverse action by Defendant LaCourseir was the alleged refusal to drop the misconduct charge. Plaintiff was subsequently found guilty of this charge. Therefore, his claim implicates the validity of his misconduct conviction and is barred by the doctrine set forth in *Heck*.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). This is a dismissal described by 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should

- 3 -

plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.


Dated:   12/4/07                                          */s/ R. Allan Edgar*
                                                          R. ALLAN EDGAR
                                                          UNITED STATES DISTRICT JUDGE